George Crawford et al., appellants, v. E. B. Weeks Seed Company, appellee.

Filed April 21, 1923.   No. 22327.

1. **Sales:** Sale by Sample: Implied Warranty. It is a general rule of law that a sale of goods by sample expresses or implies a warranty or condition that the bulk corresponds to the sample in kind and quality.

2. **Trial:** Instructions. It is error to submit to the jury for their

Crawford v. Weeks Seed Co.

determination a question as to the existence of a material fact pleaded by both parties to the action.

2.  **Sales:** Instructions: Facts Admitted. In an action to recover damages for breach of warranty in the sale of pop-corn, where a sale by sample is pleaded by both plaintiff and defendant, it is error to instruct the jury that the mere fact that a sample was produced at the sale does not mean an absolute warranty that the bulk equals the sample in kind, quality and general fitness, if the evidence does not warrant an inference that those terms were changed, waived or abandoned.

4.  **Appeal:** Reversal. The giving of an erroneous instruction prejudicial to the party defeated is a ground of reversal upon appeal.

Appeal from the district court for Valley county: Bayard H. Paine, Judge. _Reversed._

*O. A. Abbott* and *Bert M. Hardenbrook,* for appellants.

*Munn & Norman, contra.*

Heard before Morrissey, C. J., Letton, Rose and Day, JJ.

Rose, J.

This is an action to recover damages for fraud and breach of warranty in the sale of 46,669 pounds of white-rice pop-corn in the Pacific Commercial Warehouse, Los Angeles, California, March 13, 1920. Plaintiffs were the buyers and paid the purchase price, $2,916.81, April 15, 1920. Plaintiffs pleaded in their petition that the pop-corn was purchased by sample with a warranty of kind and quality for commercial popping purposes and that the bulk did not correspond to the sample; that it was worthless for the purposes purchased; that plaintiffs, without knowledge of the condition of the bulk, were induced by the fraudulent representations of defendant and its warranty, upon which they relied, to make the purchase; that they accepted the pop-corn and paid for it without inspecting it and without an opportunity to do so; that upon discovering the fraud and the breach of warranty they resold the bulk for feed and received from that source net proceeds aggregating $1,324.83. Allowing

credit for this sum, the claim of plaintiffs, including loss of profits, amounts to $2,421.62. Defendant denied the charges of fraud, admitted the sale by sample, and pleaded that the bulk corresponded to the sample in kind and quality. Upon a trial of the issues the jury rendered a verdict in favor of defendant. From a judgment of dismissal plaintiffs have appealed.

A reversal is sought on the ground that the trial court erred in instructing the jury. One of the instructions contained this charge:

"You are instructed that one of the material matters for you to decide in this case is as to whether the seller warranted the goods sold."

Another instruction was in this form:

"You are instructed that, if a sample is produced by the seller to the buyer, there is an implied warranty that the goods sold shall be equal in kind and quality and general fitness with the sample produced. The mere fact that a sample was produced at the sale does not mean an absolute warranty as to these elements, if the bulk of the goods were there and open to the inspection of the buyer; nor unless the jury should find that the parties actually contracted with reference to the sample produced and in reliance thereon."

Errors in these instructions are obvious. In both the petition and the answer there is a plea that the sale was by sample. The general rule of law is that a sale by sample expresses or implies a warranty or condition that the bulk corresponds in kind and quality to the sample. The existence of a warranty, therefore, was not a question for the jury and should not have been submitted to them. To permit them to find there was no warranty was to authorize a verdict that the sale was not by sample— the contradiction of a fact pleaded by both parties.

In permitting defendant to escape the consequences of an "absolute warranty" that the bulk "in kind and quality and general fitness" was equal to the sample, if

the goods were open to the inspection of plaintiffs at the sale, the instruction was not applicable to the evidence. For commercial popping purposes the corn was raised in Valley county, Nebraska, shipped to Los Angeles and there sold to plaintiffs while stored in a warehouse. There is evidence tending to show these facts: It requires an expert to determine by inspection the popping quality of corn, and plaintiffs were not qualified as such. When the sale was made and when the purchase price was paid the bulk was in the warehouse. Therein plaintiffs were prevented from making an inspection. The popping quality for commercial use had been destroyed by heating before plaintiffs made their purchase. The bulk was not equal to the sample. Transfer of title and possession was effected by means of a warehouse receipt. These are not intended as findings but as mere statements of facts of which there is proof. There does not seem to be any foundation for an inference that the terms of the warranty were changed or waived or abandoned. In material respects, therefore, the instructions were erroneous.

The jury were long in deliberation and only agreed upon their verdict after an appeal to do so had been made in the form of an additional instruction from the bench. There seems to be no way to escape the conviction that the errors were prejudicial to plaintiffs.

REVERSED AND REMANDED.